17 P.3d 697 (2001)
NORTHWEST ECOSYSTEM ALLIANCE, Mountaineers, Alpine Lakes Protection Society, Pilchuck Audubon Society, Whidbey Environmental Action Network, Kettle Range Conservation Group, Appellants,
v.
WASHINGTON DEPARTMENT OF ECOLOGY, and the Washington Department of Natural Resources, and Washington Forest Protection Association, Respondents.
No. 24910-3-I.
Court of Appeals of Washington, Division 2.
February 15, 2001.
*699 Peter Robert Goldman, Washington Forest Law Center, Seattle; Todd Dale True, Earthjustice Leg. Defense, Seattle, for Appellants.
Patricia Hickey O'Brien, Attorney General Office, Nat. Res. Div., Olympia; Kathryn L. Gerla, Assistant Attorney General, Olympia, for Respondents.
Elaine Louise Spencer, Graham & Dunn, Seattle, for Respondent Intervenor Washington Forest Protection Association.
*698 SEINFELD, J.
This case involves the doctrine of primary jurisdiction and the judicial review provisions under the Administrative Procedures Act. In particular, we are asked to determine whether state administrative agencies have fulfilled their statutory duties under the Washington Forest Practices Act and to review the validity of certain existing regulations, some of which are currently under administrative review.
We conclude that the superior court has the authority to address these issues and should do so except where, because of current review, judicial action may conflict with the regulatory scheme. The court should defer to the administrative agency as to those regulations currently under administrative review. We affirm in part, reverse in part, and remand.

PROCEDURAL FACTS
On November 5, 1998, six conservation organizations (the Appellants[1]) filed a petition asking the trial court to determine under RCW 34.05.570(4)(b) (570(4)(b))[2] whether the Washington State Forest Practices Board (Board), the Washington Department of Ecology (DOE), and the Washington Department of Natural Resources (the Agencies) have complied with their statutorily mandated duties under the Forest Practices Act (the failure-to-act claims) and, under RCW *700 34.05.570(2)(c) (570(2)(c)),[3] whether certain existing forest practices regulations are valid (the validity claims). The Appellants requested relief under both the Administrative Procedure Act (APA), chapter 34.05 RCW, and the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW. The superior court granted status as an intervenor to the Washington Forest Protection Association (WFPA), a timber industry trade association.
In their failure-to-act claims, the Appellants asserted that the Agencies failed to promulgate forest practice rules that advanced the environmental protection purposes and policies of the Forest Practices Act of 1974 (the Act), failed to promulgate rules that protected specific resources such as recreation and aesthetics as required by the Act, and misinterpreted or ignored their duty to incorporate State Environmental Protection Act of 1973 (SEPA) policies into the forest practices regulations.
In their validity claims, the Appellants asserted that several of the existing regulations either do not meet statutory requirements or violate the Act, the Washington Water Pollution Control Act, and SEPA; several of the existing regulations conflict with the legislative purposes of these acts; and some of the existing rules are arbitrary and capricious and do not have a basis in sound, credible science.
The trial court conducted a status conference, during which it directed the Appellants to specify both the agency actions and the agency failures to perform for which they were seeking judicial review. In response, the Appellants filed a summary of the Agencies' actions challenged under 570(2) and the Agencies' failures to act challenged under 570(4). In the summary, the Appellants identified 28 regulations in six categories.
The WFPA then moved to dismiss the Appellants' claims under CR 12, asserting that: (1) 570(4)(b) does not apply where the agency has promulgated rules; (2) the court should dismiss the claims that the Board failed to amend the statutes because these belong under 570(2)(c) and the Appellants failed to exhaust administrative remedies; (3) the court should dismiss all claims on the basis of the doctrine of primary jurisdiction; and (4) the court should dismiss the UDJA claims because the APA provides the exclusive means of judicial review. The Agencies moved under CR 12(b)(1) to dismiss only the Appellants' failure-to-act claims, citing similar grounds.
The trial court granted the motions to dismiss, holding that: (1) the failure-to-act claims did not lie under 570(4)(b); (2) the Appellants had failed to exhaust their administrative remedies, specifically under RCW 34.05.330; and (3) the doctrine of primary jurisdiction required dismissal of the Appellants' remaining claims. The trial court did not separately address the UDJA claims. The Appellants appeal these three rulings.

ANALYSIS
The Act, chapter 76.09 RCW, governs forest practices in Washington. The Legislature intended the Act to be a statewide system of laws designed to manage and protect the State's natural resources and to ensure a viable commercial timber industry. RCW 76.09.010(1).[4]See also Snohomish County v. State, 69 Wash.App. 655, 665, 850 P.2d 546 (1993); Dep't of Natural Resources v. Marr, *701 54 Wash.App. 589, 593, 774 P.2d 1260 (1989). The Board, in conjunction with the DOE, has an ongoing responsibility for promulgating regulations to achieve the purposes and policies of the Act.[5] RCW 76.09.010(2); RCW 76.09.040; RCW 76.09.050.
The Board's statutory responsibilities include promulgating regulations that establish minimum forest practices standards and adopting rules for classifying proposed forest practices according to their potential environmental impact. RCW 76.09.010(2); RCW 76.09.040(1); RCW 76.09.050; RCW 43.21C.037(3). The classification system determines whether certain forest practices will receive SEPA review. The Department of Natural Resources administers and enforces the forest practice rules. RCW 76.09.020(2); RCW 76.09.030; RCW 76.09.040.
According to the Agencies, the recent federal listing of salmon as an endangered species has triggered a review of many of the current rules and the promulgation of additional regulations; June 2001 is the scheduled completion date for this current process.

I. APPLICABILITY OF RCW 34.05.570(4)
A. Standard of Review
Although the parties disagree on the precise characterization of the Agencies' motions to dismiss,[6] they agree that the trial court considered the motion as a question of law. Based on the trial court's oral and written rulings, it appears that the trial court dismissed these claims for lack of subject matter jurisdiction. Whether a court has subject matter jurisdiction is a question of law that we review de novo. Bour v. Johnson, 80 Wash.App. 643, 647, 910 P.2d 548 (1996).
B. RCW 34.05.570(4)(b): Judicial Review of an Agency's Failure to Act
The Appellants argue that the trial court erred when it held that they cannot bring their failure-to-act claims under 570(4)(b). The Agencies and the WFPA assert that 570(4) applies only when an agency completely fails to act. The WFPA also asserts that the Legislature did not intend 570(4) to be used in the rule-making context. But the WFPA and the Agencies cite no authority to support these positions.
The first appellate case directly addressing 570(4)(b), Rios v. Dep't of Labor & Indus., 103 Wash.App. 126, 5 P.3d 19 (2000), review granted, 142 Wash.2d 1024 (2001) was decided after the parties filed their appellate briefs.[7]Rios is directly on point.
In Rios, a group of pesticide handlers asked the Department of Labor and Industries *702 (L & I) to adopt a rule mandating a blood-testing program to monitor their exposure to certain chemicals commonly used on Washington crops. 103 Wash.App. at 128-29, 5 P.3d 19. In response, L & I adopted a regulation providing for a non-mandatory testing program. Rios, 103 Wash.App. at 130, 5 P.3d 19. Dissatisfied, the appellants filed a class action petition requesting declaratory judgment under 570(2) and 570(4)(b). Rios, 103 Wash.App. at 131, 5 P.3d 19.
L & I argued that because it had not promulgated any mandatory testing rule, the class action was not challenging the validity of an existing rule and, thus, 570(2) did not apply. Rios, 103 Wash.App. at 131-33, 5 P.3d 19. It further argued that 570(4)(b), which allows review of an agency's failure to act, does not allow for review of a decision not to promulgate a rule because such a decision is not an "agency action." Rios, 103 Wash.App. at 133-34, 5 P.3d 19.
The Rios court determined that although the definition of "agency action" does not specifically include a decision not to regulate, 570(4)(b) "allows review of an agency's failure to perform a legally required duty and RCW 34.05.570(4)(c) effectively defines this failure or inaction as action for the purposes of review under [570(4) ]." 103 Wash.App. at 133, 5 P.3d 19. The court characterized L & I's argument as an assertion that 570(4)(b) "does not encompass review of an agency's failure to issue a rule" and held that "[c]ontrary to L & I's assertions, there is nothing in the APA suggesting that the Legislature does not allow judicial review of an agency's refusal to promulgate rules." Rios, 103 Wash.App. at 134, 5 P.3d 19.
After determining that the appellants did not have to exhaust their administrative remedies before they could bring their claim under 570(4), the Rios court determined that the statutory scheme gave L & I discretion to promulgate such a rule. 103 Wash.App. at 136-39, 5 P.3d 19. But the right to exercise discretion did not authorize L & I to avoid carrying out a mandatory duty:
In carrying out this and other legislatively mandated duties, L & I has procedural discretion. But an agency's procedural discretion does not allow it to decide not to carry out a mandatory duty imposed by the Legislature. L & I erroneously interprets the [statutory] provisions as granting it authority to impose or decline to impose a duty on itself. This interpretation is untenable. Because the question goes to the extent of the agency's authority and responsibility, L & I's interpretation of the statute is not entitled to deference.
Rios, 103 Wash.App. at 139-40, 5 P.3d 19 (citing In re Elec. Lightwave, Inc., 123 Wash.2d 530, 540, 869 P.2d 1045 (1994)).
The Rios court held that L & I could schedule and prioritize the rule-making process in accordance with available funding and other relevant and appropriate factors, but once it investigated and compiled evidence showing that a proposed regulation was appropriate, reasonably necessary, and feasible, it no longer had discretion to decline to act. 103 Wash.App. at 141-42, 5 P.3d 19.
As in Rios, the Agencies here have promulgated rules and the Appellants are asserting that these rules do not meet the statutory requirements. Rios clearly establishes that the Appellants may seek review under 570(4)(b) of the Agencies' alleged failure to issue an appropriate, reasonably necessary, and feasible rule.
C. Exhaustion of Administrative Remedies
The Agencies and the WFPA argue that the APA provides an adequate administrative remedy under RCW 34.05.330(330),[8] by *703 means of a formal petition for rulemaking. They argue that the Appellants failed to exhaust this remedy and that the exhaustion exclusion in RCW 34.05.534(1)((534)(1)) that applies to parties challenging a rule under 570(2)(c) does not apply to those asserting claims under 570(4).
The doctrine of exhaustion of administrative remedies provides that "`[i]n general an agency action cannot be challenged on review until all rights of administrative appeal have been exhausted.'" Chaney v. Fetterly, 100 Wash.App. 140, 147, 995 P.2d 1284 (quoting Spokane County Fire Protec. Dist. No. 9 v. Spokane County Boundary Review Bd., 97 Wash.2d 922, 928, 652 P.2d 1356 (1982)), review denied, 11 P.3d 824 (2000). See also Rios 103 Wash.App. at 134-35, 5 P.3d 19.
The APA's exhaustion requirement states:
A person may file a petition for judicial review under this chapter only after exhausting all administrative remedies available within the agency whose action is being challenged, or available within any other agency authorized to exercise administrative review, except:
(1) A petitioner for judicial review of a rule need not have participated in the rule-making proceeding upon which that rule is based, have petitioned for its amendment or repeal, have petitioned the joint administrative rules review committee for its review, or have appealed a petition for amendment or repeal to the governor;
(2) A petitioner for judicial review need not exhaust administrative remedies to the extent that this chapter or any other statute states that exhaustion is not required; or
(3) The court may relieve a petitioner of the requirement to exhaust any or all administrative remedies upon a showing that:
(a) The remedies would be patently inadequate;
(b) The exhaustion of remedies would be futile; or
(c) The grave irreparable harm that would result from having to exhaust administrative remedies would clearly outweigh the public policy requiring exhaustion of administrative remedies.
RCW 34.05.534.
The Agencies and the WFPA argue that under Auer v. Robbins, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), a party asserting that an agency acted arbitrarily or capriciously in failing to amend a regulation must exhaust administrative remedies. But neither the Agencies nor the WFPA address the interaction between Auer, a federal case, and 534(1) or explain how Auer should apply to a failure-to-act claim under 570(4)(b) as opposed to a request for the review of a rule under 570(2)(c). The court in Rios specifically noted that Auer is not controlling, in part because "the federal APA's exhaustion statute does not have a provision comparable to [534(1) ]." Rios, 103 Wash.App. at 135 n. 5, 5 P.3d 19.
Nonetheless, the argument that the exemption in 534(1) does not apply to a failure-to-act claim has merit. In asserting these claims under 570(4), the Appellants were seeking review of an "agency action," here, a failure to perform a duty required by law; they were not petitioning for review of a rule. Section 534(1) exempts petitions for review of a rule from exhaustion requirements; it does not do so for petitions to review an agency action. Thus, we conclude that this statutory exclusion does not apply to the failure-to-act claims. But for other reasons, exhaustion requirements do not support dismissal of this action.
First, neither the Agencies nor the WFPA point to any steps that the Appellants should have taken other than filing a formal petition for rulemaking under 330. But according to Rios, a party need not file a petition under 330 when challenging an agency's failure to perform a duty required by law under 570(4):
A formal petition for rulemaking under RCW 34.05.330 was not required in this case before the [appellants] could seek review of [the agency's] failure to perform a duty required by law. There is no indication in the APA's statutory scheme that a rule making [sic] petition is a remedy. Petitioning for rule making is permissive, *704 not mandatory: the word may, not shall, is used. And, more importantly, RCW 34.05.534 suggests that the petition is not a remedy that must have been exhausted because it pointedly does not require that a petitioner first petition the agency for rule making. Therefore, a rule making petition is not an exhaustible remedy when a judicial review petition under RCW 34.05.570(4) is, like the present one, challenging an agency's failure to make a rule required by law.
103 Wash.App. at 135, 5 P.3d 19 (citations omitted).
Additionally, 570(4)(b) specifically provides for direct review by the superior court: "A person whose rights are violated by an agency's failure to perform a duty that is required by law to be performed may file a petition for review pursuant to 34.05.514[.]" RCW 34.05.570(4)(b). As RCW 34.05.514 allows the filing of a petition for review directly in superior court, the Appellants' failure to petition for rulemaking under 330 did not preclude them from petitioning the superior court for relief. See RCW 34.05.534(2) ("[a] petitioner for judicial review need not exhaust administrative remedies to the extent that this chapter or any other statute states that exhaustion is not required[.]")
D. The Interaction Between 570(2) and 570(4)(b)
The Agencies next assert that the Appellants may not bring claims under both 570(2)(c) and 570(4)(b) because of the plain language in 570(4)(a).[9] Under that statute, by negative implication, 570(4) does not apply to agency actions reviewable under 570(2). But, as the Appellants note, they have made two distinct claims: (1) a challenge to the validity of certain existing forest practices regulations and (2) a request for a judicial declaration that the Agencies have failed to perform their statutory duties. The limit in 570(4)(a) does not prevent review of the 570(4) claims and the Appellants do not seek review of the 570(2) claims under 570(4).
Again, Rios is instructive. In Rios, the appellants challenged the validity of the existing discretionary rule under 570(2) and challenged the agency's failure to adopt a mandatory rule under 570(4). The court did not question the appellants' ability to bring these claims under both statutes.
E. Agency Discretion
The Agencies also assert that they have fulfilled their duty by exercising their discretion under the Act and adopting and continuing to amend and adopt regulations based on new information. But we cannot review whether the Agencies have properly exercised their discretion and fulfilled their duties under the Act because the trial court dismissed the Appellants' claims on summary judgment before addressing these issues.
Thus, we conclude that the trial court erred in ruling that the failure-to-act claims were not properly before it under 570(4)(b).

II. DOCTRINE OF PRIMARY JURISDICTION
We next consider whether the trial court properly ruled that the doctrine of primary jurisdiction required it to dismiss Appellants' claims. This doctrine applies where a claim originally is within the jurisdiction of the courts, but the enforcement of that claim "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body[.]" Dioxin/Organochlorine Ctr. v. Dep't of Ecology, 119 Wash.2d 761, 775, 837 P.2d 1007 (1992) (emphasis omitted) (citing In re Real Estate Brokerage Antitrust Litig., 95 Wash.2d 297, 302-03, 622 P.2d 1185 (1980)). In such instances, "the judicial process is suspended pending referral of such issues to the administrative body for its views." Dioxin, 119 Wash.2d at 775, 837 P.2d 1007 (emphasis omitted) (citing Antitrust Litig., 95 Wash.2d at 302-03, 622 P.2d 1185). The doctrine guides the court in determining whether to "refrain from exercising its jurisdiction until after an administrative agency has determined some question or *705 some aspect of some question arising in the proceeding before the court." Dioxin, 119 Wash.2d at 775, 837 P.2d 1007 (citing State v. Tacoma-Pierce County Multiple Listing Serv., 95 Wash.2d 280, 288, 622 P.2d 1190 (1980) (Brachtenbach, J., dissenting)).
The trial court exercises discretion in deciding whether to apply the doctrine of primary jurisdiction; we review this ruling under an abuse of discretion standard. See Kerr v. Dep't of Game, 14 Wash.App. 427, 429, 542 P.2d 467 (1975). An abuse of discretion occurs where the trial court's decision is arbitrary or rests on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wash.2d 39, 46-47, 940 P.2d 1362 (1997).
In deciding whether to apply the doctrine of primary jurisdiction, a court should consider: (1) whether the administrative agency has the authority to resolve the issues; (2) whether the agency has special competence over all or some part of the controversy and is thus better able than the court to resolve the issues; and (3) whether the claim before the court involves issues that fall within the scope of a pervasive regulatory scheme creating a danger that judicial action would conflict with the regulatory scheme. Tenore v. AT & T Wireless Servs., 136 Wash.2d 322, 345, 962 P.2d 104 (1998).
Here, the Agencies clearly have the authority to regulate forest practices. But the questions before the court are what duties the Agencies have under the Act, whether the Agencies have adequately performed those duties, and whether certain existing forest practice regulations are valid. These questions go beyond the Agencies' authority to regulate forest practices and require statutory interpretation.
The court is ultimately responsible for determining the scope of an agency's authority and the validity of agency rules. See Spokane County Health Dist. v. Brockett, 120 Wash.2d 140, 839 P.2d 324 (1992) (examining whether agency had the authority under a statute to establish a needle exchange program); Armstrong v. State, 91 Wash.App. 530, 958 P.2d 1010 (1998) (examining under 570(2) whether the Department of Fish and Wildlife acted within the scope of its rule-making authority when it promulgated a regulation requiring hunters to wear orange); Snohomish County v. State, 69 Wash.App. 655, 663, 850 P.2d 546 (1993) (holding that 570(2) gives courts the authority to review the validity of rules).
Additionally, the Forest Practices Appeals Board (Appeals Board), the administrative agency with jurisdiction over forest practice appeals, does not have jurisdiction to determine whether forest practice rules comply with SEPA and the Act. In Snohomish County, the Board and the DOE asserted, and the court held, that the Appeals Board has neither express nor implied authority to determine the validity of rules promulgated by the Board. 69 Wash.App. at 663, 850 P.2d 546.
The task of promulgating new rules is clearly within the Agencies' authority. But the Appellants are asking the court to interpret the Act to decide if the Agencies have failed to perform their duty to implement the Act's requirements, and to determine the validity of existing regulations. The APA specifically grants the courts the authority to make these determinations. See RCW 34.05.570. Neither the Agencies nor the WFPA provide legal support showing that the Agencies have this same authority.
Similarly, although the Agencies have specialized technical knowledge in the field of forest practices, they do not have special competence in general statutory interpretation or in determining compliance, which are the primary issues here. Appellants are not seeking review of the Agencies' application of specific forest practice regulations or asking the court to interpret a technical regulatory or statutory term within the special competence of the Agencies. See Jaramillo v. Morris, 50 Wash.App. 822, 750 P.2d 1301 (1988) (whether a foot operation fits within the definition of an ankle operation involved interpretation of a term within the agency's expertise and was not a question for the court).
Instead, the Appellants' claims require a determination of the Agencies' duties under the Act and of the validity of certain existing *706 regulations. This requires an understanding of the rules of statutory interpretation and construction and knowledge of the applicable process for determining legislative intent, skills that are within the competence of the court; it does not require an understanding of technical terms or application. See Am. Legion Post No. 32 v. City of Walla Walla, 116 Wash.2d 1, 5, 802 P.2d 784 (1991) (interpretation of a statute is a question of law not within the special competence of an agency); Armstrong, 91 Wash.App. at 536-37, 542, 958 P.2d 1010 (the court's role is to ascertain and give effect to the Legislature's intent; it is within the court's authority to determine whether a statute is reasonably consistent with a statutory scheme).
Finally, the Agencies and the WFPA argue that court action will interfere with the ongoing rule-making process that is currently addressing the recent federal listing of salmon as a threatened or endangered species and will harm the delicate balance the Agencies are trying to achieve. The WFPA argues that "[v]irtually any decision a court could make on the merits as to what, if any, amendment to the forest practices rules is necessary is likely to conflict with the concurrent decisions of the [A]gencies." WFPA Br. at 28.
The Appellants recognize that under the Act, the Agencies have discretion to balance interests, but they contend that it is the court's role to determine if the Agencies are meeting the Act's requirements. After the court makes this determination, the Agencies have the responsibility to correct any deficiencies, subject to the court's authority to exercise its equitable powers to protect resources threatened with irreparable harm, until the Agencies discharge their legal duties.
The court's review under both 570(2)(c) and 570(4)(c) is limited and need not interfere with the Agencies' actions. Sections 570(2)(c) and 570(4)(c) limit the court's role to determining whether the Agencies' actions or failures to act violate constitutional provisions, exceed the Agencies' statutory authority, or were arbitrary or capricious; the court must defer other matters to the Agencies' exercise of discretionary authority.
The courts are not well situated to perform an ongoing monitoring role or to function as specialists in a specific technical field; these roles belong to the Agencies. See William R. Anderson, The 1988 Washington Administrative Procedure Act-An Introduction, 64 Wash. L.Rev. 781, 820-21, 844 (1989). Thus, generally, the court's role ends after it determines whether an agency has lawfully exercised its discretion.
But notwithstanding the limits to judicial review and the need for judicial deference, the court plays a significant role in determining that agencies act in accordance with the legislatively prescribed bounds of their authority. In addition, the court may clarify and define the applicable statutory, constitutional, and common law standards. Here, this clarification and definition of the Agencies' duties under the Act should assist the Agencies in the exercise of their discretion as they engage in the ongoing rule-making process.
Under the doctrine of primary jurisdiction, the court must allow the Agencies an opportunity to use the rule-making process before it evaluates compliance with the statutory requirements. But it is important to differentiate between the rules that the Agencies are currently reviewing and those not under review. Although the doctrine applies to the former, it does not apply to the latter. Because review of the Act's regulations is an ongoing process, delaying review until all rulemaking is complete would effectively prevent any review by the courts.
Thus, we hold that it was error to apply the doctrine of primary jurisdiction to dismiss Appellants' claims regarding the Agencies' actions and the validity of rules that are not under current review by the Agencies. But, on remand, the Appellants have the burden to demonstrate the specific actions and rules that fit within this definition and to explicitly describe the alleged failure or defect.
Although the Appellants have requested injunctive relief, the court can guard against unduly interfering in the regulatory scheme by exercising reasonable discretion in the relief it fashions should it find the Agencies *707 have not fulfilled their statutorily mandated duties.

III. Uniform Declaratory Judgment Act
The Appellants also requested relief under the UDJA. But the UDJA specifically states that it "does not apply to state agency action reviewable under chapter 34.05 RCW." RCW 7.24.146.[10]
Although the trial court did not specifically address the Appellants' UDJA claims, "an appellate court may sustain a trial court on any correct ground, even though that ground was not considered by the trial court." Nast v. Michels, 107 Wash.2d 300, 308, 730 P.2d 54 (1986). Because we conclude that the Appellants may proceed under the APA, the UDJA does not apply.
Accordingly, we (1) dismiss all claims under the UDJA with prejudice; (2) reverse and remand the Appellants' claims under 570(2) and 570(4)(b) that are not part of the current rule-making process related to the recent listing of salmon as an endangered or threatened species, with direction to the Appellants to classify their claims under either 570(2)(c) or 570(4)(b), and to limit those claims to acts and regulations not currently under review; and (3) affirm as to the regulations that are part of the current rule-making process.
HOUGHTON, J., and HUNT, A.C.J., concur.
NOTES
[1] The Appellants are the Northwest Ecosystem Alliance, the Mountaineers, the Alpine Lakes Protection Society, the Pilchuck Aububon Society, the Whidbey Environmental Action Network, and the Kettle Range Conservation Group.
[2] RCW 34.05.570(4)(b) reads:

"A person whose rights are violated by an agency's failure to perform a duty that is required by law to be performed may file a petition for review pursuant to RCW 34.05.514, seeking an order pursuant to this subsection requiring performance.... The court may hear evidence, pursuant to RCW 34.05.562, on material issues of fact raised by the petition and answer."
[3] RCW 34.05.570(2) reads:

Review of rules. (a) A rule may be reviewed by petition for declaratory judgment filed pursuant to this subsection or in the context of any other review proceeding under this section. In an action challenging the validity of a rule, the agency shall be made a party to the proceeding.
(b) The validity of any rule may be determined upon petition for a declaratory judgment addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair the legal rights or privileges of the petitioner. The declaratory judgment order may be entered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.
(c) In a proceeding involving review of a rule, the court shall declare the rule invalid only if it finds that: The rule violates constitutional provisions; the rule exceeds the statutory authority of the agency; the rule was adopted without compliance with statutory rule-making procedures; or the rule is arbitrary and capricious.
[4] RCW 76.09.010(1):

The legislature hereby finds and declares that the forest land resources are among the most valuable of all resources in the state; that a viable forest products industry is of prime importance to the state's economy; that it is in the public interest for public and private commercial forest lands to be managed consistent with sound policies of natural resource protection; that coincident with maintenance of a viable forest products industry, it is important to afford protection to the forest soils, fisheries, wildlife, water quantity and quality, air quality, recreation, and scenic beauty.
[5] The DOE participates with the Board in regard to water quality protection. RCW 76.09.040(1).
[6] The Appellants argue that the court dismissed its claims under CR 12(b)(1) or (b)(6). The Agencies assert that their motion to dismiss fit under CR 12(h)(3) because they filed it after filing their response. The parties do not clarify how this affects the standard of review.
[7] Appellants cite to several cases that generally discuss judicial review for failure to implement or apply existing statutes, or involve judicial determinations of the scope of an agency's authority. The Appellants assert that these cases demonstrate that the trial court has both inherent authority and authority under the APA to: (1) interpret the requirements of the Act, (2) determine whether the agency regulations achieve or conflict with the intent and purpose of enabling legislation, and (3) order or compel the Board to comply with these requirements if they have failed to do so. See Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs., 133 Wash.2d 894, 949 P.2d 1291 (1997) (it is the duty of the court to ascertain and give effect to the intent and purpose of the Legislature and to determine whether the agency had complied with the requirements of their statutory mandate); Hillis v. Dep't of Ecology, 131 Wash.2d 373, 932 P.2d 139 (1997) (finding under 570(4) that the agency had a duty to process groundwater rights applications and failed to do so); Children's Hosp. & Med. Ctr. v. Dep't of Health, 95 Wash.App. 858, 975 P.2d 567 (1999), review denied, 139 Wash.2d 1021, 994 P.2d 847 (2000) (finding under 570(4) that the agency was required to conduct a certificate of need review before allowing a hospital to perform certain procedures); Towle v. Dep't of Fish & Wildlife, 94 Wash.App. 196, 971 P.2d 591 (1999) (it is the court's ultimate responsibility to see that administrative agency's rules are applied consistently with the legislative policies underlying the regulations); Armstrong v. State, 91 Wash.App. 530, 958 P.2d 1010 (1998) (examining under 570(2) whether the agency had acted within the scope of its rule-making authority).

The Agencies and the WFPA assert that St. Joseph Hosp. & Health Care Ctr. v. Dep't of Health, 125 Wash.2d 733, 887 P.2d 891 (1995), establishes that 570(2) governs a challenge to a rule. Additionally, the Agencies argue that Skokomish Indian Tribe v. Fitzsimmons, 97 Wash.App. 84, 982 P.2d 1179 (1999), establishes that 570(4)(b) does not apply if an agency has acted.
Because we decide this case under Rios, we do not address these arguments.
[8] RCW 34.05.330 provides, in part: "(1) Any person may petition an agency requesting the adoption, amendment, or repeal of any rule."
[9] "All agency action not reviewable under subsection (2) or (3) of this section shall be reviewed under this subsection." RCW 34.05.570(4)(a).
[10] RCW 7.25.146 reads:

This chapter shall apply to all actions and proceedings now pending in the courts of record of the state of Washington seeking relief under the terms of the uniform declaratory judgment act [this chapter]; and all judgments heretofore rendered; and all such actions and proceedings heretofore instituted and now pending in said courts of record of the state of Washington, seeking such relief, are hereby validated, and the respective courts of record in said actions shall have jurisdiction and power to proceed in said actions and to declare the rights, status and other legal relations sought to have been declared in said pending actions and proceedings in accordance with the provisions of said chapter. This chapter does not apply to state agency action reviewable under chapter 34.05 RCW.
(Bracketed material in original.)