[No. 70874-6.   En Banc.]
Argued September 19, 2002.     Decided April 10, 2003.

NORTHWEST ECOSYSTEM ALLIANCE, ET AL., *Respondents*, v. THE FOREST PRACTICES BOARD, ET AL., *Petitioners*.

---

68

*Christine O. Gregoire, Attorney General, Kathryn L. Gerla, Senior Assistant,* and *Patricia H. O'Brien, Senior Counsel*; and *Elaine L. Spencer* (of *Graham & Dunn, P.C.*), for petitioners.

*Peter R. Goldman* (of *Washington Forest Law Center*) and *Todd D. True* (of *Earthjustice Legal Defense Fund*), for respondents.

ALEXANDER, C.J. — Three agencies of the State of Washington obtained review of a decision by the Court of Appeals, Division Two, in which that court reversed the superior court's dismissal of a claim by six conservation organizations that the agencies failed to promulgate rules that adequately protected certain natural resources as required by statute. The Court of Appeals also reversed the superior court's dismissal of the conservation organizations' challenge to the validity of several forest practice regulations. We hold that the Court of Appeals erred in reversing the superior court's dismissal of the conservation organizations' "failure-to-act" claims. We agree with the superior court that the conservation organizations' failure to formally petition for rule making precludes their judicial action. We also hold that the superior court correctly determined that the "validity" claims should be dismissed on the basis that primary jurisdiction over such claims resides with the agencies.

I

Six conservation organizations[1] filed a petition in Thurston County Superior Court asking that court to hold, pursuant to a provision in the Administrative Procedure Act (APA), RCW 34.05.570(4)(b),[2] that the Washington Forest Practices Board, the Washington Department of Ecology and the Washington Department of Natural Resources (agencies) "failed to promulgate forest practice rules that advanced the environmental protection purposes and policies of the Forest Practices Act of 1974 [(RCW 76.09.900) (failure-to-act claims)]." *N.W. Ecosystem Alliance v. Dep't of Ecology*, 104 Wn. App. 901, 905, 17 P.3d 697 (2001), *review granted*, 146 Wn.2d 1001, 45 P.3d 551 (2002). The conservation organizations asserted that the agencies "failed to promulgate rules that protected specific resources such as recreation and aesthetics as required by the [Forest Practices] Act, and misinterpreted or ignored their duty to incorporate State Environmental [Policy] Act (SEPA) [RCW 43.21C.010] policies into the forest practices regulations." *Id.* at 905-06.

The conservation organizations also claimed, under another provision of the APA, RCW 34.05.570(2),[3] that certain

---

[1] Northwest Ecosystem Alliance, the Mountaineers, the Alpine Lakes Protection Society, the Pilchuck Audubon Society, the Whidbey Environmental Action Network, and the Kettle Range Conservation Group.

[2] RCW 34.05.570(4)(b) reads in part: "A person whose rights are violated by an agency's failure to perform a duty that is required by law to be performed may file a petition for review pursuant to RCW 34.05.514, seeking an order pursuant to this subsection requiring performance."

[3] RCW 34.05.570(2) reads:

"(2) Review of rules. (a) A rule may be reviewed by petition for declaratory judgment filed pursuant to this subsection or in the context of any other review proceeding under this section. In an action challenging the validity of a rule, the agency shall be made a party to the proceeding.

"(b) The validity of any rule may be determined upon petition for a declaratory judgment addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair the legal rights or privileges of the petitioner. The declaratory judgment order may be entered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.

existing forest practices regulations should be declared invalid on the basis that these regulations either do not meet statutory requirements or violate the Forest Practices Act of 1974, chapter 76.09 RCW, the Washington water pollution control act, RCW 90.48.010, and SEPA ("validity" claims). The conservation organizations alleged in this respect that several of the regulations were in conflict with the legislative purposes of these acts, were "arbitrary and capricious" and did "not have a basis in sound, credible science." *N.W. Ecosystem Alliance*, 104 Wn. App. at 906. They also sought relief pursuant to the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW, claiming that the APA does not provide the exclusive means for obtaining judicial review and that the court therefore had the power to review the case even though administrative remedies had not been exhausted.

The superior court permitted the Washington Forest Protection Association (WFPA), a timber industry trade association, to intervene. The court also conducted a status conference, after which it "directed" the conservation organizations "to specify both the agency actions and the agency failures to perform [ ] legally required dut[ies] for which they seek judicial review." Clerk's Papers at 652-53. In response to the court's direction, the conservation organizations filed an extensive list of rules and alleged failures of the agencies to perform legally required duties.

The intervenor, WFPA, moved pursuant to Civil Rule (CR) 12 to dismiss the conservation organizations' claims on the basis that (1) the conservation organizations failed to exhaust their administrative remedies, (2) the court lacked jurisdiction pursuant to the doctrine of primary jurisdiction, and (3) RCW 34.05.570(4)(b) does not apply where an agency has not promulgated rules. It also sought to dismiss the claims brought pursuant to the UDJA, contending that

---

"(c) In a proceeding involving review of a rule, the court shall declare the rule invalid only if it finds that: The rule violates constitutional provisions; the rule exceeds the statutory authority of the agency; the rule was adopted without compliance with statutory rule-making procedures; or the rule is arbitrary and capricious."

the APA was the exclusive means of judicial review. The agencies also moved under CR 12(b)(1) to dismiss the conservation organizations' failure-to-act claims and joined the WFPA in seeking dismissal of the UDJA claims.

The superior court granted the motions to dismiss, concluding that (1) the conservation organizations' failure-to-act claims were not maintainable under RCW 34.05.570(4)(b), and, alternatively, such claims could not be brought under RCW 34.05.570(4)(b) because the conservation organizations failed to exhaust their administrative remedy of petitioning for rule making under RCW 34.05.330, and (2) the doctrine of primary jurisdiction required dismissal of the conservation organizations' remaining claims. The trial court did not address the UDJA claims, based on its conclusion that the APA provides the exclusive means for judicial review.

The conservation organizations appealed to the Court of Appeals, Division Two. That court affirmed the trial court in part and reversed it in part. It held that while the validity claims may be brought under RCW 34.05.570(2), the failure-to-act claims were properly maintained under RCW 34.05.570(4)(b). In reaching its decision that the failure-to-act claims are cognizable under RCW 34.05.570(4)(b), it relied on its opinion in *Rios v. Department of Labor & Industries*, 103 Wn. App. 126, 5 P.3d 19 (2000), *aff'd in part, rev'd in part,* 145 Wn.2d 483, 39 P.3d 961 (2002). The Court of Appeals also held, contrary to the trial court's alternative ruling, that petitioning for rule making under RCW 34.05.330 is not required (as exhaustion of remedies) for the failure-to-act claims.

The Court of Appeals determined additionally that the conservation organizations were not barred by the doctrine of primary jurisdiction from challenging existing regulations, except to the extent that those regulations were currently under review by the agencies.[4] Consequently, the Court of Appeals remanded to the superior court for consid-

---

[4] The then-current review by the agencies was in light of the then-recent listing of salmon as an "endangered" or threatened species. *N.W. Ecosystem Alliance*, 104

eration of the conservation organizations' claims that were not part of the current rule-making process. The Court of Appeals further directed the conservation organizations to classify their claims under either RCW 34.05.570(2)(c) or RCW 34.05.570(4)(b) and to limit those claims to acts and regulations not currently under administrative review.

Concerning the UDJA claims, the Court of Appeals concluded that because it allowed the WFPA and agencies to "proceed under the APA, the UDJA does not apply." *N.W. Ecosystem Alliance*, 104 Wn. App. at 919. Accordingly, it dismissed "all claims under the UDJA with prejudice." *Id.* The agencies and the WFPA filed petitions for review by this court. Following issuance of our decision in *Rios v. Department of Labor & Industries*, 145 Wn.2d 483, 39 P.3d 961 (2002), we granted review.

II

Judicial Review of Failure-to-Act Claims

The first issue concerns the failure-to-act claims brought by the conservation organizations under RCW 34.05.570(4)(b). In those claims, the organizations asserted that the agencies failed to perform a duty to adopt rules that they are required by statute to promulgate. As noted above, the trial court held that the conservation organizations could not maintain their failure-to-act claims under RCW 34.05.570(4)(b). A question before us, therefore, is whether the Court of Appeals correctly concluded that the conservation organizations may obtain judicial review of an agency's alleged failure to adopt rules. We recently answered that question when we affirmed the decision of the Court of Appeals in *Rios*, 145 Wn.2d 483. There we indicated pursuant to RCW 34.05.570(4)(b) that plaintiffs, in that case agricultural pesticide handlers, *can* obtain judicial review of an agency's failure to adopt rules. In such a challenge, the plaintiff bears the burden of demonstrating

---

Wn. App. at 907. According to the agencies, the federal listing of salmon as an endangered species in 2000/2001 triggered their review of many of the then-current rules and the promulgation of additional regulations.

that the agency's decision to forgo rule making was unconstitutional, outside the statutory authority of the agency, "arbitrary and capricious," or made by unauthorized persons. RCW 34.05.570(2)(c). We see no reason to depart from our decision in *Rios*.[5]

## III

### Exhaustion of Remedies

■ The next issue before us also concerns the failure-to-act claims brought by the conservation organizations. More precisely, the issue is whether a formal petition for rule making pursuant to RCW 34.05.330(1) must precede any petition for judicial review. As noted above, the trial court concluded that failure to exhaust this administrative remedy was a bar to seeking judicial review. The Court of Appeals disagreed. Resolution of this issue, on which the courts below differed, is fundamental here, given that the conservation organizations failed to petition the agencies for rule making before seeking judicial review.

The conservation organizations assert, at the outset, that our decision in *Rios* can be read as impliedly holding that a petition for rule making is not a condition precedent to seeking judicial review since in that case we addressed the issue of whether the pesticide handlers could obtain judicial review pursuant to RCW 34.05.570(4)(b). No such implication is warranted. We say that because in *Rios* the exhaustion of remedies issue was not raised in this court. In light of the waiver of that issue, there was no need to address it.[6]

---

[5] The parties agree, as do we, that the Court of Appeals misstated the basis for seeking and obtaining judicial review of the failure to adopt a rule. The Court of Appeals referred to the alleged "failure to issue an appropriate, reasonably necessary, and feasible rule." *N.W. Ecosystem Alliance*, 104 Wn. App. at 911. That particular standard for a rule was relevant in *Rios* because of provisions of the Washington Industrial Safety and Health Act of 1973, chapter 49.17 RCW. It is not a standard that applies as to all rules promulgated under the APA.

[6] Justice Madsen did address the issue in her dissent in *Rios*. Although she conceded that the issue was not addressed by our court, she noted that the Court of Appeals did address the issue but "decided it wrongly." *Rios*, 145 Wn.2d at 511 (Madsen, J., dissenting).

■ Having concluded that the exhaustion of remedies issue was not addressed by this court in *Rios*, we proceed to address it here. In our judgment, the APA requires a party to petition for rule making before seeking judicial review pursuant to RCW 34.05.570(4)(b) for the alleged failure of an agency to carry out a statutory duty. Key to our conclusion in that regard are two statutes, RCW 34.05.330 and RCW 34.05.534. The former statute provides for a petition for rule making where adoption, repeal or amendment of a rule is sought, and for administrative or gubernatorial review:

> (1) Any person may petition an agency requesting the adoption, amendment, or repeal of any rule. . . . Within sixty days after submission of a petition, the agency shall either (a) deny the petition in writing, stating (i) its reasons for the denial, specifically addressing the concerns raised by the petitioner, and, where appropriate, (ii) the alternative means by which it will address the concerns raised by the petitioner, or (b) initiate rule-making proceedings in accordance with RCW 34.05.320.

In the case of petitions to amend or repeal, a denial may be (1) the subject of a petition for review of the rule by the joint administrative rules committee under RCW 34.05.655 if the allegation is that "the rule is not within the intent of the legislature or was not adopted in accordance" with applicable law, RCW 34.05.330(2); or (2) appealed to the governor, RCW 34.05.330(3). Significantly, RCW 34.05.534 provides that a person may file a petition for judicial review "*under this chapter* only after exhausting all administrative remedies available within the agency whose action is being challenged." (Emphasis added.)

Clearly, a petition for rule making is a remedy that was available to the conservation organizations and it was not pursued by any of them. RCW 34.05.534 does, however, provide some exceptions to the exhaustion requirement and we must examine these to determine if one or more of them excused the conservation organizations' failure to petition for rule making.

The first exception is contained in RCW 34.05.534(1). It provides that a

> petitioner for judicial review *of a rule* need not have participated in the rule-making proceeding upon which that rule is based, have petitioned for its amendment or repeal, have petitioned the joint administrative rules review committee for its review, or have appealed a petition for amendment or repeal to the governor.

(Emphasis added.) We are satisfied that this exception has no application here. This is so because the conservation organizations are not petitioning for review "of a rule," but, instead, are complaining about the failure of an agency to enact a rule—a duty it alleges the agency was required to perform by law. In short, the exemption has no application when it is alleged that the agency failed to engage in rule making.

The Court of Appeals, citing its own opinion in *Rios*, suggested, however, that petitioning for rule making is not a remedy that must be exhausted because RCW 34.05.534(1) " 'pointedly does not require' " a petition for rule making. *N.W. Ecosystem Alliance*, 104 Wn. App. at 913 (quoting *Rios*, 103 Wn. App. at 135). We disagree with the Court of Appeals' suggestion. While RCW 34.05.534 concerns the requirement that administrative remedies must be exhausted, it does not set forth the administrative remedies that must be exhausted.

RCW 34.05.534(2) excuses exhaustion "to the extent that this chapter or any other statute states that exhaustion is not required." The Court of Appeals reasoned, and the conservation organizations argue, that by its terms RCW 34.05.330(1) is permissive, since it states that any person "may" petition for rule making. Thus, the argument goes, RCW 34.05.330(1) itself provides that exhaustion is not required. Again, we disagree. The statute is permissive only in the sense that a person is not required to petition for rule making, but "may" do so. RCW 34.05.330(1) provides the only avenue in our state's APA for "[a]ny person" to initiate rule making. There is, however, no mandatory duty to

pursue an administrative remedy—a party can simply give up. It is significant to us that there are other provisions in the APA where the word "may" is used to convey that a procedure must be followed if a person wants to achieve what is permitted. For example, RCW 34.05.467 states that "[a] party *may* submit to the presiding or reviewing officer, as is appropriate to the stage of the proceeding, a petition for stay of effectiveness of a final order." (Emphasis added.) RCW 34.05.470(1) provides that "[w]ithin ten days of the service of a final order, any party *may* file a petition for reconsideration." (Emphasis added.) In neither case is the action optional, if a stay or reconsideration, respectively, is actually sought. Finally, in an analogous situation, this court has determined that the use of the term "may" is mandatory. *See Muije v. Department of Social & Health Services*, 97 Wn.2d 451, 453, 645 P.2d 1086 (1982), where we held that a statute providing that a person " '*may* appeal [a decision of the Board] to the superior court of Thurston county' " was not merely permissive, but instead provided the sole and exclusive place of venue. (Emphasis added) (quoting RCW 41.06.200(1)).

The Court of Appeals also reasoned that by its terms, RCW 34.05.570(4) excuses exhaustion of remedies. That statute, as we noted above, says that "[a] person whose rights are violated by an agency's failure to perform a duty that is required by law to be performed may file a petition for review pursuant to RCW 34.05.514." RCW 34.05.570(4)(b). The Court of Appeals said that RCW 34.05.514 allows the filing of a petition for review directly in superior court, and thus a petition for rule making is not required by RCW 34.05.570(4)(b). Again, we have a different view. All that RCW 34.05.514(1) does is to explain that where petitions for judicial review are concerned,

> proceedings for review under this chapter shall be instituted by paying the fee required . . . and filing a petition in the superior court, at the petitioner's option, for (a) Thurston county, (b) the county of petitioner's residence or principal place of business, or (c) in any county where the property owned by the petitioner and affected by the contested decision is located.

Neither RCW 34.05.570(4)(b) nor RCW 34.05.514 preclude or excuse, by their terms, the filing of a petition for rule making. They simply do not address the matter.

Another exception to exhaustion of administrative remedies is in RCW 34.05.534(3)(a)—cases where the remedies would be patently inadequate. The conservation organizations claim that the agencies have historically been unresponsive to claims that statutory mandates involving the environment have not been implemented, and that the question of whether they have been responsive is judicial and not one for the agency to determine. This argument is unpersuasive for several reasons. First, the argument assumes that the agencies would, even in light of relatively recent federal and state mandates, ignore environmental issues. We are not prepared to make such an assumption. Second, the agencies have in fact recently engaged in rule making relating to the listing of salmon as an endangered species, to the extent that some of the conservation organizations' arguments may be rendered moot by action of the agencies that has taken place since this case was filed. Finally, the question of whether rules satisfy statutory requirements in this complex area is intensely fact specific and should be the subject of agency expertise in the first instance. These reasons also rebut the argument that exhaustion of remedies is futile. *See* RCW 34.05.534(3)(b).

We do not wish to leave this area of discussion without making the point that there are a number of practical reasons for allowing the agency to have the opportunity, in the first instance, to engage in the rule making sought by the petitioners. As we have already observed, agency expertise is crucial in an area like this one, where several agencies are involved in implementing statutory directives relating to commercial use of forests in balance with environmental concerns as well as SEPA, federal acts such as the Clean Water Act and the Endangered Species Act, and recent listings and ongoing consideration of species for listing as endangered or threatened. In addition, in the course of rule making the opportunity exists for input from

the public as well as special interest groups. That opportunity does not exist in judicial proceedings.

If an agency decides to deny a petition for rule making, it may do so because there is existing rule making ongoing or because the agency lacks resources or has other priorities. In this event, the reviewing court has a complete record, including the reasons for denial, that it can review to determine the propriety of the denial. Most importantly, excusing the requirement that a petition for rule making be filed opens the door wide to judicial interference in agency decision making. Courts lack the expertise and resources to take over agency rule-making decisions. Furthermore, we are concerned that if the APA is construed as it was by the Court of Appeals, all a petitioner need do is complain that an agency has failed to carry out a statutory mandate and thereby bypass the entire administrative process. This would not be a desirable outcome.

Finally, we note that federal courts have reached the same conclusion we do that a petition for rule making is required. *See Am. Horse Prot. Ass'n v. Lyng*, 812 F.2d 1, 4 (D.C. Cir. 1987). Where a petition is not filed, judicial review is generally precluded. *N.Y. State Elec. & Gas Corp. v. Saranac Power Partners, L.P.*, 117 F. Supp. 2d 211, 236 & n.50 (N.D.N.Y. 2000); *Midwater Trawlers Coop. v. Mosbacher*, 727 F. Supp. 12, 15-16 (D.D.C. 1989); *S. Hills Health Sys. v. Bowen*, 864 F.2d 1084, 1095 (3d Cir. 1988); *Hoffmann-La Roche, Inc. v. Harris*, 484 F. Supp. 58, 60 (D.D.C. 1979); *Kappelmann v. Delta Air Lines*, 539 F.2d 165, 171-73 (D.C. Cir. 1976). If a federal agency denies a petition for rule making, then judicial review may proceed under 5 U.S.C. § 706, which is analogous to the state provision, RCW 34.05.570.

Although the Court of Appeals indicated that the agencies and the WFPA failed to explain how *Auer v. Robbins*, 519 U.S. 452, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997), upon which they rely, relates to the state APA, these parties have explained the relationship in their briefing. In *Auer*, the petitioners sued for benefits under a rule adopted by the

secretary of labor. The respondents there claimed that because the rule had not been amended when circumstances changed after it was promulgated, the rule was arbitrary and capricious. The Court distinguished this claim from claims that an existing rule was substantively unlawful or had not been adopted as procedurally required, and concluded that it could not be raised for the first time in the judicial proceeding. It said, "The proper procedure for pursuit of respondents' grievance is set forth explicitly in the APA: a petition to the agency for rulemaking, § 553(e), denial of which must be justified by a statement of reasons, § 555(e), and can be appealed to the courts, §§ 702, 706." *Auer*, 519 U.S. at 459.

Relying on its decision in *Rios*, 103 Wn. App. at 135 n.5, the Court of Appeals said that the federal APA has no comparable provisions to the state exhaustion statute, RCW 34.05.534, and no exemption like that in RCW 34.05.534(1). As we observed above, RCW 34.05.534(1) does not apply, as it concerns judicial review of a rule. Regardless of whether the federal exhaustion statute is comparable, *Auer* is consistent with the state APA. The state statute contemplates that a petition for rule making be filed, as does the federal APA. The failure to file a petition for rule making should, as under the federal APA, preclude judicial review. *See* RCW 34.05.001 (providing that our state APA should "achieve greater consistency with . . . the federal government in administrative procedure" and "[t]he legislature . . . intends that the courts should interpret provisions of this chapter consistently with decisions of . . . the federal government.").

In sum, for all of the reasons set forth above, the Court of Appeals' holding that a petition for rule making is not a prerequisite to judicial review of the failure-to-act claims is reversed.

## IV

■■ Concerning the challenge to existing rules under RCW 34.05.570(2), the WFPA claims that all forest practice

rules are interrelated and so long as rule making is in process no such rules should be assailable in court under the doctrine of primary jurisdiction. *See* WFPA's Pet. at 14. Under the particular circumstances of this case, there is merit to this argument. We say that because it is likely, in light of our opinion here, that the agencies will be considering petitions by the conservation organizations for rule making. Furthermore, those organizations have not challenged the Court of Appeals' holding that rules that are part of the current rule-making process are not subject to judicial review under the doctrine of primary jurisdiction. It makes sense, therefore, to allow the agency its authority under the doctrine of primary jurisdiction.

Such a holding is also entirely reasonable in light of the agencies' assertion that new forest practice rules were adopted in July 2001, which they say address most of the conservation organizations' concerns. *See* Agencies' Pet. at 11. Whether or not the agencies are correct in this assertion, it is reasonable to allow such a determination to be made at the agency level. We hold, therefore, that the trial court did not abuse its discretion in concluding that primary jurisdiction lies with the agencies.

V

In sum, we affirm the Court of Appeals only to the extent it held that the conservation organizations can obtain judicial review of an agency's failure to adopt rules pursuant to RCW 34.05.570(4)(b). We reverse its ruling on the issue of exhaustion of administrative remedies, holding that the conservation organizations can judicially challenge the agencies' failure to promulgate rules, but before doing so must petition the agencies for rule making. We also reverse the Court of Appeals' decision on the issue of primary jurisdiction, holding that the trial court did not abuse its discretion in concluding that primary jurisdiction

lies with the agencies. For the same reasons cited by the trial court, we need not discuss the UDJA claims.

JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, and OWENS, JJ., and SMITH, J. PRO TEM., concur.

CHAMBERS, J. (concurring) — I concur with the majority but write separately to emphasize that this court does not require, as a condition of judicial review under the Administrative Procedure Act, chapter 34.05 RCW, a formal petition for rule making, if to do so would be a completely futile exercise. RCW 34.05.534(3)(b); *cf. Dioxin/Organochlorine Ctr. v. Dep't of Ecology*, 119 Wn.2d 761, 776, 837 P.2d 1007 (1992). As the majority notes, RCW 34.05.534 does provide exceptions to the exhaustion requirement. Majority at 75. When the petition would be futile, or when the purpose of primary jurisdiction would not be served by first requiring administrative exhaustion, or when irreparable harm caused by delay would outweigh the benefit "[t]he court may relieve a petitioner of the requirement to exhaust any or all administrative remedies." RCW 34.05.534(3).

Reconsideration denied June 17, 2003.