182 P.3d 1022 (2008)
BAINBRIDGE CITIZENS UNITED; and Gary Tripp, Director of Bainbridge Citizens United, Petitioners,
v.
WASHINGTON STATE DEPARTMENT OF NATURAL RESOURCES; and Doug Sutherland, Commissioner of Public Lands, Respondents.
No. 35961-8-II.
Court of Appeals of Washington, Division 2.
May 13, 2008.
Dennis Dean Reynolds, Charles Edward Maduell, Davis Wright Tremaine LLP, Seattle, WA, for Petitioners.
Christa L. Thompson, Attorney at Law, Atty. Gen. Office, National Resources Division, Olympia, WA, for Respondents.
*1023 QUINN-BRINTNALL, J.
¶ 1 Bainbridge Citizens United (United) informed the Department of Natural Resources (Department) that "approximately fifty vessels, seven rafts and thirty buoys" were trespassing on state-owned aquatic lands in Eagle Harbor. Clerk's Papers (CP) at 351. After the Department and the City of Bainbridge Island did not respond as United would have liked, United filed a petition for review under the Administrative Procedure Act (APA), ch. 34.05 RCW, and, in the alternative, a petition for declaratory judgment under the Uniform Declaratory Judgments Act (UDJA), ch. 7.24 RCW. United essentially claimed that the Department failed to enforce its own regulations against the parties who were trespassing on state-owned aquatic lands in Eagle Harbor. The Department filed a summary judgment motion, claiming that United was not entitled to relief under either the APA or the UDJA. United responded by filing its own summary judgment motion, in which it voluntarily abandoned its APA claim and sought relief solely under the UDJA. The trial court granted the Department's summary judgment motion. On appeal, United argues that the trial court should not have dismissed its UDJA claim. We hold that a declaratory judgment was not available because the claim was reviewable under the APA and United failed to challenge the construction or validity of a law. Accordingly, we affirm.

FACTS
Background
¶ 2 The State is charged with managing aquatic lands that it owns. RCW 79.105.030. The Department has promulgated many regulations to do so, including: (1) WAC 332-30-171(8), which governs open water moorage and anchorage; and (2) WAC 332-30-127, which defines unauthorized use and occupancy of aquatic lands.
¶ 3 In February 2005, Gary Tripp, the director of United,[1] wrote two emails to the Department telling it that "approximately fifty vessels, seven rafts and thirty buoys" were trespassing on state-owned aquatic lands in Eagle Harbor. CP at 351. Among other things, United was concerned about the vessels, rafts, and buoys because they (1) created a navigation hazard, (2) adversely impacted members' health and safety,[2] (3) interfered with waterfront amenities, (4) adversely impacted views and property values, and (5) caused problems for surrounding businesses. In these emails, Tripp also asked to meet with the Commissioner of Public Lands.
¶ 4 In March 2005, Tripp met with the Commissioner and several officials from the Department and the Attorney General's Office (AGO). According to Tripp, the Commissioner promised to provide him with a list of steps for removing trespassers from state-owned aquatic lands. Instead, the AGO wrote a letter to United's attorney asserting that it has discretion about how to best address such problems and explaining that it was exercising its discretion by working with the City to develop a harbor plan.[3]
Lawsuit
¶ 5 In April 2005, United filed a petition for review under the APA[4] and, in the alternative, a petition for declaratory judgment under the UDJA.[5] United essentially claimed that the Department failed to enforce WAC 332-30-127, the aquatic lands trespassing regulation, against the people creating problems on state-owned aquatic lands in Eagle Harbor.
*1024 ¶ 6 Under the APA, United sought a trial court order requiring the Department to perform its duties under WAC 332-30-127, including: (1) serving written notice requiring the trespassing parties to vacate the premises within 30 days, (2) assessing and collecting a monthly use and occupancy fee from the trespassing parties, and (3) filing an unlawful detainer action against the trespassing parties along with an action to collect past due rent. Alternatively, United sought a declaratory judgment that (1) the trespassing parties are violating WAC 332-30-127 and (2) the Department has a mandatory duty to perform its duties under WAC 332-30-127, including those previously listed.
¶ 7 The Department filed a summary judgment motion, arguing that United was not entitled to relief under either the APA or the UDJA. With regard to United's APA claim, the Department argued that (1) its duties under WAC 332-30-127 were proprietary, (2) United lacked standing, and (3) its decision not to enforce WAC 332-30-127 was discretionary. With regard to the UDJA claim, the Department argued that (1) United failed to claim a justiciable controversy, and (2) its decision not to enforce WAC 332-30-127 was discretionary. Finally, the Department argued that United failed to join the trespassing parties as indispensable parties to the litigation.
¶ 8 United responded by filing its own summary judgment motion. In its motion, it abandoned its APA claim, stating, "Plaintiffs do not dispute the unavailability of an alternative remedy under the APA because [the Department's] management of state owned aquatic lands is a proprietary function." CP at 164 n. 2. But United maintained that it was entitled to relief under the UDJA.
¶ 9 In January 2007, the trial court granted the Department's summary judgment motion and denied United's summary judgment motion. The trial court did not explain its rationale. United appeals.

ANALYSIS
¶ 10 United argues that it was entitled to declaratory and injunctive relief under the UDJA because the Department failed to fulfill mandatory enforcement obligations under WAC 332-30-127 and WAC 332-30-171(8) against vessels trespassing in Eagle Harbor. Thus, United claims that the trial court erred when it summarily dismissed its action. But the UDJA does not apply to this case because the Department's action was reviewable under the APA. Moreover, United does not argue that the regulations were ambiguous or invalid.
Standard of Review
¶ 11 On an appeal from summary judgment, we engage in the same inquiry as the trial court. Hisle v. Todd Pac. Shipyards Corp., 151 Wash.2d 853, 860, 93 P.3d 108 (2004) (citing Kruse v. Hemp, 121 Wash.2d 715, 722, 853 P.2d 1373 (1993)). Our standard of review is de novo. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wash.2d 16, 26, 109 P.3d 805 (2005) (citing Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wash.2d 506, 516, 799 P.2d 250 (1990)).
¶ 12 "All questions of law are reviewed de novo." Berger v. Sonneland, 144 Wash.2d 91, 103, 26 P.3d 257 (2001). Because it is our duty to apply the law, we are not confined by the legal issues and theories that the parties argued. King County v. Boundary Review Bd., 122 Wash.2d 648, 670, 860 P.2d 1024 1993) (applying Maynard Inv. Co. v. McCann, 77 Wash.2d 616, 623, 465 P.2d 657 (1970)). And we may sustain a trial court's ruling on any correct ground, even if the trial court did not consider it. Nast v. Michels, 107 Wash.2d 300, 308, 730 P.2d 54 (1986).
The Action is Outside the Scope of the UDJA
¶ 13 United's action for a declaratory judgment fails on several legal grounds, two of which we analyze. First, United's claim was *1025 reviewable under the APA and, thus, the UDJA does not apply to it. Second, United does not question the construction or validity of a law and, therefore, the action falls outside the UDJA's scope.
A. Reviewability Under the APA
¶ 14 The UDJA specifically states that it "does not apply to state agency action reviewable under chapter 34.05 RCW," the APA. RCW 7.24.146; Nw. Ecosystem Alliance v. Dep't of Ecology, 104 Wash.App. 901, 919-20, 17 P.3d 697 (2001), reversed in part on other grounds, 149 Wash.2d 67, 66 P.3d 614 (2003). Because United could have proceeded under the APA, we hold that the UDJA does not apply and the remedy of a declaratory judgment is not available.
¶ 15 United could have obtained judicial review of the Department's actions under the APA. The Department is a state agency that is subject to the APA's provisions. See RCW 34.05.010(2), .030(5). And the APA governs "agency action," defined to include "the implementation or enforcement of a statute [and] the adoption or application of an agency rule or order." RCW 34.05.010(3). United squarely challenged the Department's enforcement of its regulations, which is an agency action. Thus, United's claim falls under the APA's scope.
¶ 16 The APA "establishes the exclusive means of judicial review of agency action, except . . . (3) [t]o the extent that de novo review or jury trial review of agency action is expressly authorized by provision of law." RCW 34.05.510 (emphasis added). Rather than expressly authorizing review of this action, the UDJA expressly excludes APA claims. RCW 7.24.146. Moreover, the APA contains procedures governing declaratory judgments concerning the validity of agency orders. RCW 34.05.570(2)(b)(i)
¶ 17 United voluntarily abandoned its APA claim despite the fact that it seeks the type of relief that a judge can grant under RCW 34.05.574(1). Consequently, the trial court never reviewed United's standing or the Department's actions under the APA. But United's assertion in its summary judgment motion that the APA does not allow review is insufficient; this is a legal question subject to de novo judicial review. Sonneland, 144 Wash.2d at 103, 26 P.3d 257. And it is irrelevant whether United would likely have been entitled to relief under the APA had it pursued this claim; the legal question is whether the trial court could have reviewed the claim, not whether United would have prevailed. See RCW 7.24.146. The APA is specially crafted to address an agency's action or inaction. See RCW 34.05.570(4)(b) (describing review of failure to act claims). And our legislature (1) clearly established the APA as the exclusive means for judicial review of such claims, (2) specifically excluded the remedy of a declaratory judgment under the UDJA for such claims, and (3) provided a specific rule for declaratory judgments regarding agency rules. RCW 7.24.146; RCW 34.05.510(3), .570(2)(b)(i). United's misapplication of an agency rule claim is reviewable under the APA and we, therefore, hold that it may not pursue a declaratory judgment under the UDJA as a back door remedy.
B. No Question of Construction or Validity of Law
¶ 18 Further, even without the UDJA's statutory APA exclusion, United has failed to present the type of claim that is the proper subject matter for declaratory judgments. Because United does not challenge the construction or validity of a law, a declaratory judgment is not an available remedy.
¶ 19 The UDJA provides that:
A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
RCW 7.24.020 (emphasis added). And the APA allows declaratory judgments "[i]n an action challenging the validity of a rule." RCW 34.05.570(2). These rules define the questions a trial court may resolve through a *1026 declaratory judgment action. Declaratory judgment actions are proper "to determine the facial validity of an enactment, as distinguished from its application or administration." City of Federal Way v. King County, 62 Wash.App. 530, 535, 815 P.2d 790 (1991).
¶ 20 Here, the trial court did not have authority to issue a declaratory judgment for this action because United did not raise a "question of construction or validity." RCW 7.24.020; see also RCW 34.05.570(2). The sole question that United presented was whether the Department properly applied or administered WAC 332-30-127 and WAC 332-30-171(8) when it chose not to enforce these regulations against alleged Eagle Harbor trespassers in the manner United demanded. Neither party contends that the regulations are ambiguous and courts do not engage in judicial construction of unambiguous regulations. Densley v. Dep't of Ret. Sys., 162 Wash.2d 210, 221, 173 P.3d 885 (2007). Because United does not challenge the regulations' facial validity and its action was reviewable under the APA, a declaratory judgment is not a remedy available to them.
¶ 21 Accordingly, we affirm.
We concur: VAN DEREN, A.C.J., and ARMSTRONG, J.
NOTES
[1] United is a non-profit corporation that is comprised of owners and residents of residential waterfront and upland properties, as well as owners of commercial properties adjoining Eagle Harbor.
[2] United alleged that vessel owners and live-aboards (1) dumped raw sewage and trash into Eagle Harbor, (2) verbally harassed its members, (3) vandalized its members' properties, and (4) physically threatened its members.
[3] In 2006, the City Council adopted a harbor plan to address the matters concerning United. Available at http://www.ci.bainbridge-isl.wa.us/eagle_harboropen_water_marina.aspx (last visited Apr. 21, 2008).
[4] See ch. 34.05 RCW.
[5] See ch. 7.24 RCW.